## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| Brian Daniels, ) | |
| ) | C.A. No.: 0:16-cv-753-PMD-PJG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner Brian Daniels' objections to a Report and Recommendation ("R & R") filed by United States Magistrate Judge Paige J. Gossett (ECF Nos. 24 & 22). In her R & R, the Magistrate Judge recommends that this Court dismiss Petitioner's habeas petition because the United States Court of Appeals for the Fourth Circuit has not permitted him to file it. For the reasons stated herein, the Court overrules Petitioner's objections and dismisses this matter for lack of jurisdiction.

## BACKGROUND

Petitioner is serving a thirty-year prison sentence for his 1998 manslaughter conviction in South Carolina state court. After pursuing collateral relief in state court, Petitioner filed a petition in this Court in 2009, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. This Court dismissed the motion as time-barred. *Daniels v. Padula*, No. 0:09-cv-755-PMD, 2010 WL 1051191 (D.S.C. Mar. 19, 2010), *appeal dismissed*, 385 F. App'x 341 (4th Cir. 2010) (per curiam).

In his current petition, Petitioner again seeks relief under § 2254. He challenges a 2001 disciplinary sanction that the state prison system imposed upon him for an escape infraction.

Conducting an initial review of the petition, the Magistrate Judge found it was successive under 28 U.S.C. § 2244(b). Because the Fourth Circuit has not given Petitioner permission to file a successive § 2254 petition, the Magistrate Judge concluded the petition should be dismissed.

Petitioner timely filed objections to the R & R. This matter is therefore ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Petitioner argues the Magistrate Judge misconstrued his claim as a second challenge of his 1998 manslaughter conviction and sentence. Rather, Petitioner contends, his current claim

2

challenges the manner in which the state is executing that sentence—"a totally different argument" than his first habeas claim. (Objs., ECF No. 24, at 2.) Accordingly, Petitioner argues the Magistrate Judge erred in concluding that his current claim is successive.

As to the first component of Petitioner's objections, the Magistrate Judge did not misconstrue Petitioner's claim. The Magistrate Judge described the claim as a second challenge of Petitioner's "confinement related to" the 1998 conviction. The Magistrate Judge then accurately described the crux of Petitioner's claim: that the "disciplinary infraction . . . was imposed in violation of the due process clause." (R & R, ECF No. 22, at 1). Because the Magistrate Judge correctly understood the nature of Petitioner's claim, the Court overrules Petitioner's objection.

Petitioner's larger contention is that his claim is not successive and thus he did not need the Fourth Circuit's permission in order to file his petition. A recent Fourth Circuit opinion addresses the question underlying Petitioner's objection: when, if ever, is a state prisoner's challenge to the execution of his sentence successive under § 2244(b)? *See In re Wright*, 826 F.3d 774 (4th Cir. 2016). After confirming that § 2244(b)'s restrictions on second or successive petitions apply to petitions challenging the execution of state sentences, *id.* at 779, the Fourth Circuit indicated that courts should use the abuse-of-the-writ doctrine to determine whether such a petition is second or successive, *id.* at 783, 784. Under the doctrine, "new claims raised in subsequent habeas petitions [are] 'abusive'"—and thus barred—"if those claims were available to the petitioner at the time of a prior petition's filing." *Id.* at 784. That doctrine "is not confined to instances where litigants deliberately abandon claims; it also applies to instances where litigants, through inexcusable neglect, fail to raise available claims." *Id.* (citation and quotation marks omitted).

When Petitioner filed his previous § 2254 petition in 2009, he could have challenged his 2001 disciplinary infraction. However, he did not, and nothing suggests that Petitioner's failure to raise the claim in 2009 is excusable. The Court finds Petitioner's current § 2254 petition to be abusive and, therefore, successive. Consequently, the Court overrules Petitioner's objection and adopts the Magistrate Judge's ultimate conclusion that Petitioner's current § 2254 petition was filed without the Fourth Circuit's permission.

District courts lack jurisdiction to entertain unauthorized successive habeas petitions. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Thus, the Court will dismiss the petition for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that his petition is **DISMISSED** without prejudice. [1]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 28, 2016**
**Charleston, South Carolina**

---

1. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).